# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TEVIN EDWARD DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00243 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **LT. CRAFT,** | ) | Judge James P. Jones |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Tevin Edward Davis, Pro Se Plaintiff; Jim H. Guynn, Jr. and John R. Fitzgerald, Guynn Waddell, P.C., Roanoke, Virginia, for Defendant.*

The plaintiff, Tevin Edward Davis, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant, a lieutenant at the Amherst County Adult Detention Center (ACADC), used excessive force against him. Davis has also filed a separate motion, seeking interlocutory injunctive relief. After review of the record, I will deny this motion.

The Complaint in this case alleges the following sequence of events on which Davis bases his § 1983 claims. After officials at ACADC transferred Davis from one segregation unit to another on December 5, 2022, he informed staff that the hot water in the cell did not work and asked to be moved to a new cell. Staff said they would do so. After waiting a while, Davis covered his camera. Defendant Craft and other officers reported to the scene. Craft ordered Davis to uncover his camera.

Davis said "[F]uck you[.]  I'll stabb [sic] you with a [pencil] an[d] fuck your family up."  Compl. 4, ECF No. 1.  Craft sprayed Davis two or three times, presumably with pepper spray, opened the cell door, and sprayed him again.  Craft then ordered Davis to comply with cuffing procedures, and he did so.

When Davis came out of his cell with his cuffed hands up, Craft grabbed his cuffs, punched him in the face, hit him nine or ten times on the top of his head, and tried to knee Davis in the face.  Davis feared for his life and bit Craft's leg.  Craft then hit Davis three more times on the back of the head, sprayed him in the mouth and nose, and had him placed in a chair for over an hour.  A nurse could not get a read on Davis's blood pressure and tried to take him to get an EKG, but Craft made her stop.

In April 2023, Davis filed this § 1983 action against Craft.  The defendant has filed an Answer and must file any motion seeking summary judgment by early November 2023.  On June 12, 2023, Davis filed a separate motion seeking a protective order against Craft.  Davis states, "I fear for my life when he is on shift and comes around."[*]  Mot., ECF No. 8.

Liberally construed, Davis's motion seeks a preliminary injunction for protection against Craft.  "A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency

---

[*] Another inmate helped Davis prepare and file this motion.

of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).  A party seeking a preliminary injunction must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied.  *Id.*  "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to relief."  *Id.* at 22.

   Davis's motion does not state facts satisfying the four factors of the *Winter* test.  First, he does not clearly show a likelihood of irreparable harm in the absence of the requested court intervention.  The Complaint alleges that in December 2022, Craft used force against Davis after he covered his camera and failed to follow orders.  Davis offers no evidence other than his own speculation showing a likelihood that Craft would use force against him in a like manner under current circumstances at ACADC.  Moreover, Davis does not demonstrate that the equities between the parties tip in his favor or that the public interest would be served through court interference with policies concerning the administration of force in response

to an inmate's admitted violation of jail regulations or his purposeful noncompliance with officers' orders, accompanied by verbal threats to harm officers.

For the stated reasons, I cannot find Davis has clearly demonstrated that he is entitled to the preliminary injunction for which he has moved. Thus, it is **ORDERED** that his motion, ECF No. 8, is DENIED.

ENTER: November 2, 2023

/s/ JAMES P. JONES
Senior United States District Judge